# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ANN BRUCATO a/k/a )
ANN BRUCATO KRUGMAN, )
                                      )
              Plaintiff, )
     v.                         )     Case No. 02 C 9401
                                      )     Judge George M. Marovich
STEPHEN DAHL, )
                                      )
              Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Ann Brucato (a/k/a Ann Brucato Krugman) ("Brucato") filed a three-count complaint based on the alleged misconduct of Police Officer Stephen Dahl ("Dahl") when he arrested her. Brucato asserts that Dahl violated her Fourth Amendment rights through the use of excessive force during the arrest. Based on the same facts, Brucato also brings two state claims, one for intentional infliction of emotional distress and the other for battery.

Dahl moves for summary judgment on all of Brucato's claims. For the reasons set forth below, the Court denies the motion for summary judgment as to the excessive force and battery claims and grants summary judgment as to the claim of intentional infliction of emotional distress.

I.    Background

All the facts outlined below are undisputed unless otherwise noted.[1] On May 7, 2002, Brucato and her husband were indicted by a grand jury for the offense of insurance fraud. On the morning of May 14, 2002, officer Dahl and his partner went to Brucato's residence to execute an arrest warrant as part of their regular duties in the Fugitive Apprehension Bureau of the DuPage County Sheriff's Office. There was no response to the officers' knock on the door so they waited down the street in an unmarked police car. Later that morning, Brucato and her son exited the house and entered a car parked in the driveway. At that point, the officers went up to the car to execute the warrant. Officer Dahl tapped on the window and informed Brucato that he had a warrant for her arrest. Brucato opened the car door and began to exit the car.

What happened next is disputed by the parties. Dahl put forth evidence that Brucato exited the car on her own and was handcuffed according to regular procedures. Dahl further states that Brucato used profanity throughout her arrest. According to Brucato's deposition testimony, on the other hand, as she was exiting the car, Dahl grabbed her by the upper arm and yanked her out, forcefully spinning her so that her torso hit the hood of the car. Brucato further testified that Dahl ripped her car keys out of her hand and slapped handcuffs on her in a painful manner. She informed him that the handcuffs were hurting her wrists. Brucato admits that she

---

[1]Dahl argues that the Court should grant his motion because Brucato's deposition testimony is uncorroborated. This argument fails. Rule 56 lists depositions as a type of evidence admissible at the summary judgment stage. Fed. R. Civ. P. 56(c); *see also Payne v. Pauley*, 337 F.3d 767, 770-71 (7th Cir. 2003)(a "nonmoving party's own affidavit or deposition can constitute affirmative evidence to defeat a summary judgment motion." The Court considers Brucato's deposition testimony with or without corroborating evidence.

was upset and that it is possible that she was swearing throughout the arrest. It is undisputed that Dahl used profane language during the arrest.[2]

After Dahl handcuffed Brucato, he walked her to the front door of her home in order to gain access to and arrest her husband. While waiting at the door, Brucato turned around to check on her son who remained in the car. Dahl responded by pulling back on the middle of Brucato's handcuffs with great force, causing Brucato pain in her wrists and nearly knocking her off balance. He then twisted her handcuffs several times and told Brucato that the police would take her child to the Department of Child and Family Services if she did not let them into her home. Dahl continued to twist Brucato's handcuffs causing her greater pain in her wrists. At some point thereafter, Brucato felt a blow to her back that felt like a fist, knee, elbow or hard instrument.

Shortly after Brucato felt the blow, two officers from the Wheaton Police Department arrived. Brucato never told any of the officers about her pain or what happened. Brucato also failed to inform the nurse of any injuries during a routine examination at the jail. It is disputed as to whether she told her husband what happened during their transportation to the DuPage County

---

[2]Although Dahl denies using profanity, he does not point to any evidence to controvert that asserted fact. The Court deems the fact admitted. *See* Local Rule 56.1. Local Rule 56.1 outlines the requirements for the introduction of facts parties would like considered in connection with a motion for summary judgment. Asserted "facts" not supported by deposition testimony, documents, affidavits or other evidence admissible for summary judgment purposes are not considered by the Court. Where one party supports a fact with admissible evidence and the other party denies the fact without citation to admissible evidence, the Court deems the fact admitted. *See Ammons v. Aramark Uniform Services, Inc.,* 368 F.3d 809, 817-18 (7th Cir. 2004). Facts that are submitted but do not conform with the rule are not considered by the Court. The Court enforces Local Rule 56.1 strictly. *See Thomas v. CitiMortgage, Inc.,* No. 03 C 6177, 2005 WL 1712266 at *1 n.1 (N.D. Ill. Jul. 20, 2005); *Perez v. City of Batavia,* No. 98 C 8226, 2004 WL 2967153 at *10 (N.D. Ill. Nov. 23, 2004).

Jail. After being released from custody, Brucato met with her attorney, Harry Smith, who observed that her wrists were red and swollen and that her back was red and inflamed. Throughout the day of the arrest and the next day, Brucato experienced back pain. Brucato went to the emergency room where an x-ray revealed no broken bones. Nonetheless, Brucato's pain persisted. On June 2, 2002, Brucato had an MRI, which revealed several herniated disks in her back. She has attempted physical therapy, epidural injections and surgery to help improve the condition of her back.

Since her arrest and release, Brucato was found not guilty of the charge of insurance fraud.

## II. Summary Judgment Standard

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When making such a determination, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Summary judgment is appropriate, however, when the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Courtney v. Biosound*, 42 F.3d 414, 418 (7th Cir. 1994).

## III.     Discussion

### A.     Excessive Force

In Count I, Brucato claims that Dahl's conduct constitutes excessive force in violation of the Fourth Amendment to the United States Constitution. The Fourth Amendment protects people against unreasonable searches and seizures. U.S. Const. Amend. IV; *Graham v. Connor*, 490 U.S. 386, 395, 104 L. Ed. 2d 443, 109 S. Ct. 1865 (1989).

The question of whether excessive force was used is analyzed under the Fourth Amendment's reasonableness standard. *Graham*, 490 U.S. at 395. A police officer's use of force is unconstitutional if, "judging by the totality of the circumstances at the time of the arrest, the officer used greater force than was reasonably necessary to make the arrest." *Payne v. Pauley*, 337 F.3d 767, 778 (7th Cir. 2003)(citing *Lester v. City of Chicago*, 830 F.2d 706, 713 (7th Cir. 1987)). This analysis requires careful attention to the following factors: 1) severity of the crime at issue, 2) whether the suspect poses an immediate threat to the safety of the officers or others, 3) and whether the suspect is actively resisting arrest or attempting to evade arrest by flight. *Graham*, 490 U.S. at 395; *see also Lawrence v. Kenosha County*, 391 F.3d 837, 843 (7th Cir. 2004). When the plaintiff is cooperating with police and does not present a risk of danger or flight, a forceful push or blow that results in injury may be considered excessive force. *Lombardi v. Range*, No. 01 C 6444, 2003 U.S. Dist. LEXIS 12812, at *13 (N.D.Ill. July 22, 2003). Similarly, forcefully pulling the arms of a cooperative and non-threatening plaintiff is excessive force. *Payne*, 337 F.3d 767 at 780; *see also Tennen v. Shier*, No. 94 C 2127, 1995 U.S. Dist. LEXIS 9297, *13 (N.D.Ill. June 29, 1995)(denying summary judgment to officer who grabbed plaintiff by the arm, pulled him by the arm across a sidewalk and hit him in the back). The use of

abrasive or inappropriate language by an otherwise cooperative plaintiff does not heighten the risk of danger or evasion and does not warrant the use of excessive force. *Bedenfield v. Shultz*, No. 01 C 7013, 2002 U.S. Dist. LEXIS 14659, *20-21 (N.D.Ill. Aug. 7, 2002).

The Court concludes that Brucato put forth sufficient evidence from which a jury may conclude that Dahl used excessive force. Two cases are instructive in the analysis of the facts at hand. First, in *Lombardi*, 2003 U.S. Dist. LEXIS 12812 at *13-14, the court denied summary judgment to a defendant police officer who forcefully threw a woman into a car. There, an officer executed a warrant to arrest the plaintiff, who exited her home, was placed in handcuffs and peaceably walked with the officer to the back of his police car, without struggling or making an attempt to flee. *Id.* at 13. At that point the officer threw the plaintiff into the backseat, causing her to hit her head, shoulder and rib cage. *Id.* The court could not find that the force used was reasonable and, therefore, denied the defendant's motion for summary judgment. *Id.* at 13-14. Second, the court denied summary judgment to an officer who hit a young man in the back while handcuffing him. *Bedenfield*, 2002 U.S. Dist. LEXIS 14659 at *20-21. There, the plaintiff made several unhelpful comments and challenged the officer's authority to search him, which led to a pat down. *Id.* at 20. During the course of a pat down and handcuffing, an officer hit the plaintiff with a forearm on the back of the neck and slammed his head onto the trunk of a car while applying pressure with his thumb to the plaintiff's neck. *Id.* The court concluded that the plaintiff's comments did not rise to any real level of incitement and did not make the officer's conduct reasonable. *Id.* at 22.

In this case, a jury could conclude that Dahl's conduct was unreasonable. The crime at issue, insurance fraud, is not a violent crime and does not suggest that Brucato was inherently

dangerous. Brucato put forth evidence that suggests she did not pose an immediate threat to the officers' safety or make any attempt to evade or resist arrest. Brucato also put forth evidence that she felt a blow from officer Dahl, she was yanked out of her car, and that she endured painful handcuffing, handcuff twisting and keys being ripped from her hand.

Despite the evidence Brucato put forth, Dahl argues that he is entitled to summary judgment because Brucato never saw the blow. Dahl is correct that "a plaintiff must identify the specific unreasonable conduct [of the officer] that caused his or her injuries." *Abdullahi v. City of Madison*, 423 F.3d 763, 770-71 (7th Cir. 2005); *see also Brownell v. Figel*, 950 F.2d 1285, 1293 (7th Cir. 1991)(affirming summary judgment in favor of the defendant officer because plaintiff, who only showed that he was healthy before being taken into custody and suffered from quadriplegia when he left, did not point to any specific police conduct that resulted in his injury); *Estate of Phillips v. City of Milwaukee*, 123 F.3d 586, 593 (7th Cir. 1997)(affirming summary judgment in favor of officer because plaintiff's evidence only showed that victim died from health factors relating to being placed in the prone position, which was reasonable, and did not show that his death was caused by any other specific act). These cases, however, are distinguishable because Brucato points to the misconduct that allegedly caused her injuries.

Although Brucato did not see all of the conduct she puts forth as evidence of excessive force, she does set out the specific acts. Brucato does not merely state that she received injury to her wrist and back while in police custody, she points to the specific conduct that lead to those injuries. She says that her wrists were injured by the forceful handcuffing and handcuff-twisting by Dahl. She felt a blow to her back from officer Dahl before the officers from Wheaton arrived. These are specific instances of conduct. Brucato goes beyond the plaintiffs in *Phillips* and

*Brownell* who merely said that they were the victims of excessive force because they suffered injuries while in police custody.

Brucato put forth sufficient evidence to survive the summary judgment motion. Therefore, summary judgment as to Count I is denied.

### B. State Claims

The Court now considers whether to exercise supplemental jurisdiction over the plaintiff's two state claims. "In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. Claims are part of the same case or controversy if they derive from a common nucleus of operative facts. *Baer v. First Options of Chi., Inc.*, 72 F.3d 1294, 1299 (7th Cir. 1995); *Fondrliak v. Commonwealth Edison*, No. 98 C 5985, 1999 U.S. Dist. LEXIS 1000, 15-16 (N.D.Ill. Jan. 27, 1999). Here, the facts giving rise to the federal and state claims are exactly the same and, accordingly, this Court exercises supplemental jurisdiction over the state claims.

#### 1. Intentional Infliction of Emotional Distress

In Count II, Brucato claims that Dahl's conduct constitutes intentional infliction of emotional distress. Under Illinois law, a claim of intentional infliction of emotional distress requires a showing that: 1) the defendant's conduct was extreme and outrageous; 2) the defendant intended to inflict severe emotional distress, or knew there was a high probability his conduct would do so; and 3) the defendant's conduct caused severe emotional distress. *Franciski v. Univ. of Chi. Hosps.*, 338 F.3d 765, 769 (7th Cir. 2003)(applying Illinois law); *Van Stan v.*

*Fancy Colours & Co.*, 125 F.3d 563, 567 (7th Cir. 1997). The distress endured must be so outrageous that no reasonable person could be expected to endure it. *Lifton v. Bd. of Educ. of Chi.*, 416 F.3d 571, 581 (7th Cir. 2005).

Brucato's claim fails on the second and third parts of this analysis. First, Brucato does not put forth any facts indicating that Dahl intended or should have known that his actions would cause her emotional distress. *Falcone v. Village of Hanover Park*, No. 02 C 8747, 2004 U.S. Dist. LEXIS 25293, *50 (N.D.Ill. Dec. 9, 2004)(failing to put forth evidence of intent is fatal to plaintiff's claim even if she could show the police conduct was outrageous). Second, Brucato does not present any evidence of emotional injury. While Brucato has put forth evidence of physical injuries to her wrists and back, her statement of facts is completely devoid of evidence of emotional injury. The suffering of emotional distress is a critical element of a claim for emotional distress.

Brucato failed to put forth evidence on essential elements of her emotional distress claim, and defendant is entitled to judgment as a matter of law on the claim. Dahl's motion for summary judgment as to Count II is granted.

### 2. Battery

In Count III, Brucato also claims that she was a victim of battery. Under Illinois law, battery is an unauthorized touching of another person. *Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 622 (7th Cir. 1989)(applying Illinois law); *Askew v. City of Chicago*, No. 04 C 3863, 2005 U.S. Dist. LEXIS 8276, *23 (N.D.Ill. April 6, 2005); *Young v. County of Cook*, No. 98 C 2215, 1999 U.S. Dist. LEXIS 19041, *17 (N.D.Ill. Dec. 2, 1999). Not all touching constitutes battery. The contact must be harmful or offensive in nature. *Schroeder*, 875 F.2d at

622. An officer is entitled to use the force which he reasonably believes to be necessary to effect an arrest. *Bedenfield*, 2002 U.S. Dist. LEXIS 14659 at *29 (citing 720 ILCS 5/7-5). When a reasonable jury could find that the force used was unreasonable, however, a claim for battery will survive summary judgment. *Id*. at 29 (denying summary judgment on a battery claim where police officer pushed plaintiff onto the trunk of his car and hit plaintiff on the back of the neck because a reasonable jury could find the force used was excessive).

Here, Brucato's excessive force claim survived summary judgment. For the same reasons, Dahl's motion for summary judgment as to Count III is denied.

## IV. Conclusion

For the reasons outlined above, Dahl's motion for summary judgment is denied in part and granted in part. The Court grants defendant's motion for summary judgment as to Count II and denies the motion as to Counts I and III.

ENTER:

*George M. Marovich*
George M. Marovich
United States District Judge

DATED: 03/10/06